## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL  ACTION  NO. 3:06-00174

LABARRON MARQUIS BURRELL,
      also known as "Bryan Calloway"

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's Motions to Suppress.  Defendant seeks suppression of the evidence obtained during his arrest and his statement made at the station house, as fruits of the an illegal stop.  Defendant argues that the police officer lacked a reasonable suspicion to conduct a *Terry* stop.  On July 16, 2007, the Court held a hearing to allow oral argument on the issues.   The Court finds the police officer had reasonable suspicion to stop Defendant and frisk him for officer safety, and therefore the stop and subsequent arrest were legal.  The Motions to Suppress are **DENIED**.

The determination by the Court is based primarily on the testimony of Officer Shane Bills. On the night in question, he was patrolling a neighborhood known to be a high crime area.  The officer had participated in and been aware of numerous arrests and investigations of illegal activity in this neighborhood.  The officer stopped a car after 3 a.m. on the night of August 11, 2003 and issued a citation for driving without a licence.  The officer recognized the driver as a woman who lived in the neighborhood.  The officer offered to drive the woman home, however she chose to walk.  She walked away and then came back and motioned in the direction she had been walking, stating "they are selling dope."   The officer then drove his police vehicle in the direction she

indicated and saw four people standing on a corner a short distance from the traffic stop.  Two women and two men were present, and the officer recognized one of the men, Mr. Ferguson, as a man who was possibly associated with drugs.  The officer had heard of his connection to drugs from other officers and people in the community.  The officer approached the people, identified himself and stated he was investigating drug sales in the area.  He started by frisking Mr. Ferguson for officer safety and found nothing on him.  As the officer turned his attention to Defendant, he noticed he was "wide eyed" and looked nervous.  The police officer started to frisk Defendant and felt a wad of cash in one of his pockets and hard chunks in plastic, that he identified as crack cocaine, in the other.  Defendant broke free and then a struggle ensued, during which Office Bills felt a hard object in Defendant's waistband.  Defendant was taken to the ground and pepper sprayed.  Mr. Ferguson and the two women left the scene at some point before the police had contained Defendant.

There was some money at the spot where Defendant was finally subdued.  Officer Bills lost his handcuffs during the struggle.  When he found the handcuffs ten feet away he also found a gun. Defendant was arrested for possession of the crack and possession of a firearm.  Defendant was then taken to the police station and read his *Miranda* rights.  Officer Paul Hunter asked Defendant if this was his first time being arrested for having a gun, to which Defendant stated "Yes."

Under *Terry v. Ohio*:

> [W]here a police officer observes unusual conduct which leads him
> reasonably to conclude in light of his experience that criminal activity
> may be afoot and that the persons with whom he is dealing may be
> armed and presently dangerous, where in the course of investigating
> this behavior he identifies himself as a policeman and makes
> reasonable inquiries, and where nothing in the initial stages of the
> encounter serves to dispel his reasonable fear for his own or others'
> safety, he is entitled for the protection of himself and others in the
> area to conduct a carefully limited search of the outer clothing of
> such persons in an attempt to discover weapons which might be used

to assault him.

392 U.S. 1, 30 (1968).  The Court is required to look at the totality of the circumstances to determine whether reasonable suspicion was present.  "In evaluating the validity of a stop such as this, we must consider 'the totality of the circumstances -- the whole picture.'" *United States v. Sokolow*, 490 U.S. 1, 8 (1989) (citing *United States v. Cortez*, 449 U.S. 411, 417 (1981)).  There were a few factors that led the Court to find the Officer had reasonable suspicion.

First, the tip was made in a face to face encounter after a traffic stop with a police officer, after the witness had left the police and returned on her own to report the illegal activity.  The police officer had already obtained the address of the informant in issuing the citation, the area was a high crime area and it was late at night.  This case is analogous to *United States v. Christmas*, where the Fourth Circuit upheld a *Terry* stop based on a face to face encounter with an anonymous tip.  222 F.3d 141, 144 (4th Cir. 2000).  The court discussed the reliability of a face to face encounter with a source and stated it was more reliable than the anonymous call, which was not an adequate basis for reasonable suspicion.  *Id.*  Also, part of the reasonable suspicion in *Christmas* centered on the fact that the tipster lived in the area, and when police saw the subjects the officer recognized the *Christmas* defendant as a gang member.  *Id.* at 145.  In this case, Officer Bills stated the informant lived within walking distance of the area and when he approached the people he recognized one of them as possibly being involved in drug activity.  Although Defendant argued the case was similar to *Florida v. J.L.*, that argument is misplaced. 529 U.S. 266, 268 (2000).  In *J.L.* the informant was anonymous, did not speak to the officers in a face to face situation and only stated that a black man with a plaid shirt at a bus stop had a gun.  *Id.* There was nothing else to raise the suspicion by the officers in that case.  Here, in addition to a face to face encounter with the informant, Officer Bills

-3-

was in a high crime neighborhood between 3 a.m. and 4 a.m., knew one of the people as possibly being associated with drugs and noticed Defendant was acting suspiciously. Officer Bills had reasonable suspicion to stop Defendant.

The Motion to Suppress the statements is based on the allegation the stop was illegal. Since the Court has found otherwise, the Motion is **DENIED**.

For the aforementioned reasons, the Motions to Suppress are **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshal's Service.

ENTER:        July 17, 2007

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE